ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
CHERYL L. O'CONNOR (Cal. Bar No. 173897)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2467/0759
  Facsimile: (213) 894-6436
  Email:    joseph.akrotirianakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED

2011 APR 21 PM 4: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 11-0361 |
|---|---|---|
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT RAOUL JOSEPH GERMAIN |
| v. | ) | |
| RAOUL JOSEPH GERMAIN, | ) | |
| Defendant. | ) | |

1.    This constitutes the plea agreement between RAOUL

JOSEPH GERMAIN ("defendant") and the United States Attorney's

Office for the Central District of California ("the USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state or local prosecuting,

administrative or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

       a)    Give up the right to indictment by a grand jury

1    and, at the earliest opportunity requested by the USAO and

2    provided by the Court, appear and plead guilty to a single-count

3    information in the form attached to this plea agreement as

4    Exhibit A or a substantially similar form.

5              b)    Not contest facts agreed to in this agreement,

6    including the Statement of Stipulated Factual Basis attached as

7    Exhibit B.

8              c)    Abide by all agreements regarding sentencing

9    factors contained in this agreement.

10             d)    Appear for all court appearances, surrender as

11   ordered for the service of sentence, obey all conditions of any

12   bond, and obey any other ongoing court order in this matter.

13             e)    Not commit any crime; however, offenses that would

14   be excluded for sentencing purposes under United States

15   Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")

16   § 4A1.2(c) are not within the scope of this agreement.

17             f)    Be truthful at all times with Pretrial Services,

18   the United States Probation Office, and the Court.

19             g)    Pay the applicable special assessment at or before

20   the time of sentencing, unless defendant lacks the ability to pay

21   and submits a completed financial statement (form OBD-500) to the

22   USAO prior to sentencing.

23             h)    Pursuant to 18 U.S.C. § 3663A(a)(3), make

24   restitution to the Federal Bureau of Investigation, in the amount

25   of $6,000, representing the amount in undercover funds paid to

26   defendant during the investigation of this matter.

27                      <u>THE USAO'S OBLIGATIONS</u>

28        3.   The USAO agrees to:

                                  2

a)     Not contest facts agreed to in this agreement.

b)     Abide by all agreements regarding sentencing factors contained in this agreement.

c)     At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d)     Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to prosecute defendant further for the any violation of Title 18, United States Code, Chapter 73 (obstruction of justice), Title 18, United States Code, section 1346 (deprivation of the intangible right of honest services), or other violations of federal criminal laws arising out of defendant's solicitation, demand for, or agreement to accept bribe payments or illegal gratuities in connection with defendant's employment as a building inspector with the Los Angeles Department of Building and Safety.  Defendant understands that the USAO is free to prosecute defendant criminally for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other

3

1   relevant factors under 18 U.S.C. § 3553(a).

2          e)    Recommend that defendant be sentenced to a term of

3   imprisonment no higher than the low end of the applicable

4   Sentencing Guidelines range, as determined by the Court.

5                        NATURE OF THE OFFENSE

6      4.   In order for defendant to be guilty of count one, which

7   charges a violation of Title 18, United States Code, Section

8   666(a)(1)(B), the following must be true: (1) defendant was an

9   agent of a state or local government, or any agency of that

10  government;  (2) defendant solicited, demanded, accepted or

11  agreed to accept anything of value from another person; (3)

12  defendant did so corruptly with the intent to be influenced or

13  rewarded in connection with some business, transaction, or series

14  of transactions of the state or local government, or agency of

15  that government; (4) this business, transaction, or series of

16  transactions involved any thing of a value of $5,000 or more; and

17  (5) the state or local government, or agency of that government,

18  in a one year period, received benefits of more than $10,000

19  under any federal program involving a grant or other assistance.

20  Defendant admits that defendant is, in fact, guilty of this

21  offense as described in count one of the information.

22                     PENALTIES AND RESTITUTION

23     5.   The statutory maximum sentence that the Court can

24  impose for a violation of Title 18, United States Code, Section

25  666(a)(1)(B), is: 10 years imprisonment; a three-year period of

26  supervised release; a fine of $250,000 or twice the gross gain or

27  gross loss resulting from the offense, whichever is greatest; a

28  mandatory special assessment of $100; and restitution as

                                4

described in paragraph 2(h), above.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which

may, under some circumstances, be mandatory.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that by entering a guilty plea defendant waives any claim that unexpected immigration consequences may render defendant's guilty plea invalid.

## FACTUAL BASIS

9.  Defendant and the USAO agree to the Statement of Stipulated Factual Basis attached hereto as Exhibit B.  Defendant and the USAO agree that this Statement of Stipulated Factual Basis is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 10 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

## SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to //

impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.   Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | <u>14</u> | [U.S.S.G. § 2C1.1(a)] |
| Specific Offense Characteristics | | | |
| Offense involving more than one bribe/extortion | : | <u>+2</u> | [U.S.S.G. § 2C1.1(b)(1)] |
| More than $5,000 obtained by defendant | : | <u>+2</u> | [U.S.S.G. § 2C1.1(b)(2), 2B1.1(b)(1)(B)] |
| Acceptance of Responsibility | : | <u>-3</u> | [U.S.S.G. § 3E1.1] |
| Total Offense Level | : | 15 | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3(c) are met.   Subject to paragraph 24 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.   Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to represent defendant at trial.  Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

//

//

8

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.    Defendant agrees that, provided the Court imposes a sentence within the statutory maximum specified above, defendant waives and gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, and the manner in which any portion of the sentence was calculated; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, and the manner in which the fine was determined, provided the fine is within the statutory maximum; (d) the amount and terms of any restitution order imposed by the Court; (e) the term of any probation or supervised release imposed by the Court; and (f) any condition of probation or supervised release imposed by the Court.

17.    The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above,

1  the USAO gives up its right to appeal any portion of the
2  sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

4      18.   Defendant agrees that if, after entering a guilty plea
5  pursuant to this agreement, defendant seeks to withdraw and
6  succeeds in withdrawing defendant's guilty plea on any basis
7  other than a claim and finding that entry into this plea
8  agreement was involuntary, then (a) the USAO will be relieved of
9  all of its obligations under this agreement; and (b) should the
10  USAO choose to pursue any charge or any civil, administrative, or
11  regulatory action that was either dismissed or not filed as a
12  result of this agreement, then (i) any applicable statute of
13  limitations will be tolled between the date of defendant's
14  signing of this agreement and the filing commencing any such
15  action; and (ii) defendant waives and gives up all defenses based
16  on the statute of limitations, any claim of pre-indictment delay,
17  or any speedy trial claim with respect to any such action, except
18  to the extent that such defenses existed as of the date of
19  defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

21      19.   Defendant agrees that if the count of conviction is
22  vacated, reversed, or set aside, both the USAO and defendant will
23  be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

25      20.   This agreement is effective upon signature and
26  execution of all required certifications by defendant,
27  defendant's counsel, and an Assistant United States Attorney.
28  //

## BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.   If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

(a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

(b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except

//

to the extent that such defenses existed as of the date of defendant's signing this agreement.

(c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed upon factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.   While this paragraph

1  permits both the USAO and defendant to submit full and complete

2  factual information to the United States Probation Office and the

3  Court, even if that factual information may be viewed as

4  inconsistent with the facts agreed upon in this agreement, this

5  paragraph does not affect defendant's and the USAO's obligations

6  not to contest the facts agreed upon in this agreement.

7      25.  Defendant understands that even if the Court ignores

8  any sentencing recommendation, finds facts or reaches conclusions

9  different from those agreed upon, and/or imposes any sentence up

10  to the maximum established by statute, defendant cannot, for that

11  reason, withdraw defendant's guilty plea, and defendant will

12  remain bound to fulfill all defendant's obligations under this

13  agreement.  Defendant understands that no one -- not the

14  prosecutor, defendant's attorney, or the Court -- can make a

15  binding prediction or promise regarding the sentence defendant

16  will receive, except that it will be within the statutory

17  maximum.

18              NO ADDITIONAL AGREEMENTS

19      26.  Defendant understands that, except as set forth herein,

20  there are no promises, understandings, or agreements between the

21  USAO and defendant or defendant's attorney, and that no

22  additional promise, understanding, or agreement may be entered

23  into unless in a writing signed by all parties or on the record

24  in court.

25  //

26  //

27  //

28  //

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney


_____          April 21, 2011
JOSEPH N. AKROTIRIANAKIS                  Date
Assistant United States Attorney


_____          4-21-11
RAOUL JOSEPH GERMAIN                       Date
Defendant


_____          4/21/11
STEVEN M. CRON                            Date
Attorney for Defendant
RAOUL JOSEPH GERMAIN

<u>CERTIFICATION OF DEFENDANT</u>

I am fluent in the spoken and written English language.   I have read this agreement in its entirety.   I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors

14

1  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

2  Guidelines provisions, and of the consequences of entering into

3  this agreement.  No promises, inducements, or representations of

4  any kind have been made to me other than those contained in this

5  agreement.  No one has threatened or forced me in any way to

6  enter into this agreement.  I am satisfied with the

7  representation of my attorney in this matter, and I am pleading

8  guilty because I am guilty of the charges and wish to take

9  advantage of the promises set forth in this agreement, and not

10  for any other reason.

11

12

13  _____          4.21-11
    RAOUL JOSEPH GERMAIN               Date
14  Defendant

15

16              CERTIFICATION OF DEFENDANT'S ATTORNEY

17      I am Raoul Joseph Germain's attorney.  I have carefully and

18  thoroughly discussed every part of this agreement with my client.

19  Further, I have fully advised my client of his rights, of

20  possible pretrial motions that might be filed, of possible

21  defenses that might be asserted either prior to or at trial, of

22  the sentencing factors set forth in 18 U.S.C. § 3553(a), of

23  relevant Sentencing Guidelines provisions, and of the

24  consequences of entering into this agreement.  To my knowledge:

25  no promises, inducements, or representations of any kind have

26  been made to my client other than those contained in this

27  agreement; no one has threatened or forced my client in any way

28  to enter into this agreement; my client's decision to enter into

                              15

1 this agreement is an informed and voluntary one; and the factual
2 basis set forth in this agreement is sufficient to support my
3 client's entry of a guilty plea pursuant to this agreement.

6 _____          4/21/11
STEVEN M. CRON                        Date
7 Attorney for Defendant
RAOUL JOSEPH GERMAIN

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,  )   No.
                               )
12              Plaintiff,     )   I N F O R M A T I O N
                               )
13              v.             )   [18 U.S.C. § 666(a)(1)(B):
                               )   Bribery Concerning Programs
14  RAOUL JOSEPH GERMAIN,      )   Receiving Federal Funds]
                               )
15              Defendant.     )
    _____)

16

17       The United States Attorney charges:

18              [18 U.S.C. § 666(a)(1)(B)]

19       1.   At all times relevant to this Indictment:

20            a.   The City of Los Angeles was a local government,

21  and the Los Angeles Department of Building and Safety ("LADBS")

22  was an agency of a local government, that received federal

23  assistance in excess of $10,000 during the one-year period

24  including the time period beginning July 1, 2010 and ending April

25  20, 2011.

26            b.   Defendant RAOUL JOSEPH GERMAIN ("GERMAIN") was an

27  agent of the City of Los Angeles and LADBS, whose duties included

28  inspecting residential construction within the City of Los



1  Angeles.

2      2.    Beginning on a date unknown and continuing until

3  on or about April 7, 2011, in Los Angeles County, within the

4  Central District of California, and elsewhere, defendant

5  GERMAIN corruptly solicited, demanded, accepted, and agreed

6  to accept things of value from a person, namely, cash

7  payments, intending to be influenced and rewarded in

8  connection with the business, a transaction, and a series of

9  transactions of the City of Los Angeles and LADBS involving

10 a thing of value of $5,000 or more.

11

12                    ANDRÉ BIROTTE JR.
                      United States Attorney

13

14

15                    ROBERT E. DUGDALE
                      Assistant United States Attorney

16                    Chief, Criminal Division

17                    LAWRENCE S. MIDDLETON
                      Assistant United States Attorney

18                    Chief, Public Corruption & Civil Rights
                      Section

19

20                    JOSEPH N. AKROTIRIANAKIS
                      CHERYL L. O'CONNOR

20                    Assistant United States Attorneys

21                    Public Corruption & Civil Rights Section

22

23

24

25

26

27

28

<u>STATEMENT OF STIPULATED FACTUAL BASIS</u>

The City of Los Angeles is a local governmental agency within the meaning of 18 U.S.C. § 666(a)(1) and (d)(2), (3). The Los Angeles Department of Building and Safety ("LADBS") is a department within the City of Los Angeles. LADBS inspectors are authorized to act on behalf of LADBS and the City of Los Angeles, and LADBS inspectors are agents of both LADBS and the City of Los Angeles. At all relevant times, defendant Raoul Joseph Germain ("defendant") was an inspector employed by LADBS.

In all relevant "one year period[s]," as that term is used in 18 U.S.C. § 666(b), the City of Los Angeles received hundreds of millions of dollars in "Federal assistance," as that term is used in 18 U.S.C. § 666(b).

Between November 15, 2010 and January 21, 2011, defendant arranged to meet and, on several occasions met, with an undercover FBI agent ("UC"), who defendant believed was a residential construction contractor "employed" by a developer who constructs residences within the City of Los Angeles.

On November 16, 2010, UC and defendant met at an address on 79th Street, in South Los Angeles ("the 79th Street property"). During the meeting, defendant signed off on LADBS inspection records indicating that he had inspected and approved certain construction items in connection with residential construction at the 79th Street property. In fact, defendant did not inspect anything at the 79th Street property on that date or any other. During the same November 16, 2010 meeting, UC and defendant exchanged cellular telephone numbers and UC handed defendant $1,500 in $100 bills. Defendant accepted the $1,500 corruptly



EXHIBIT
B

1

1 | and with the intent to be influenced or rewarded in connection

2 | with the business of LADBS, namely the inspection and approval of

3 | residential construction projects within the City of Los Angeles

4 | and, specifically, the 79th Street property.

5 |     On December 28, 2010, UC and defendant met at an address on

6 | 43rd Street in South Los Angeles ("the 43rd Street property").

7 | During the meeting, defendant signed LADBS inspection records

8 | indicating that he had inspected and approved certain

9 | construction items in connection with residential construction at

10 | the 43rd Street property.  In fact, defendant did not inspect

11 | anything at the 43rd Street property on that date or any other.

12 | Also during the December 28, 2010 meeting, defendant signed LADBS

13 | inspection records indicating that he had inspected and approved

14 | certain construction items in connection with residential

15 | construction at the 79th Street property, which defendant had not

16 | visited since November 16, 2010, and to which defendant never

17 | went again.

18 |     During the same December 28, 2010 meeting, UC handed

19 | defendant $1,500 in $100 bills.  Defendant accepted the $1,500

20 | corruptly and with the intent to be influenced or rewarded in

21 | connection with the business of LADBS, namely the inspection and

22 | approval of residential construction projects within the City of

23 | Los Angeles and, specifically, the 43rd Street property.

24 |     On January 21, 2011, UC and defendant met in the street in

25 | front of an address on 87th Place in South Los Angeles ("the 87th

26 | Place property").  During the meeting, defendant signed LADBS

27 | inspection records indicating that he had inspected and approved

28 | certain construction items in connection with residential

1  construction at the 87th Place property and another property
2  located at an address on 77th Street in South Los Angeles ("77th
3  Street property").  Defendant did so without having inspected the
4  construction at, or having set foot upon, the 87th Place property
5  and without ever having gone to the 77th Street property at all.

6       During the same January 21, 2011 meeting, defendant signed
7  the "Project Final" portion of the LADBS Inspection Record
8  (permit card) for the 79th Street property and certain "Rough
9  Inspection" portions of the permit card for the 43rd Street
10 property.  Defendant did so even though he had never visited the
11 79th Street property since November 16, 2010, and had never
12 visited the 43rd Street property since December 28, 2010 and had
13 not inspected anything at either property at any time.

14      Also during the January 21, 2011 meeting, UC counted out
15 $3000 in $100 bills and handed the money to defendant.  Defendant
16 accepted the $3,000 corruptly and with the intent to be
17 influenced or rewarded in connection with the business of LADBS,
18 namely the inspection and approval of residential construction
19 projects within the City of Los Angeles and, specifically, the
20 87th Place and 77th Street properties.

21      On March 15, 2011, defendant was approached by FBI agents
22 who identified themselves and asked to speak with defendant.
23 Defendant agreed to speak with, and then spoke with, the agents.
24 Defendant later agreed to be transported to the United States
25 Attorney's Office ("USAO") in Los Angeles and was transported to
26 the USAO.  At the USAO, defendant agreed to meet and speak with
27 the agents and an Assistant United States Attorney.  During the
28 meeting, defendant was cooperative and confessed his involvement

3

1  in the bribery scheme described in this Statement of Stipulated
2  Factual Basis.    As of the date of the filing of this Plea
3  Agreement, the government believes that defendant's March 15,
4  2011 statements were truthful.

**CERTIFICATE OF SERVICE**

I, **ALEX SILVERIO,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT RAOUL JOSEPH GERMAIN**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery

[ ] By facsimile as follows:

addressed as follows:
[ ] By messenger as follows:

[ ] By federal express as follows:

STEVEN M. CRON
CRON, ISRAELS & STARK
1541 OCEAN AVE. #200
SANTA MONICA, CA 90401-1204

This Certificate is executed on **April 21, 2011,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

ALEX SILVERIO